

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00269-CV

## IN THE INTEREST OF KRH-B, A CHILD

**From the 220th District Court
Hamilton County, Texas
Trial Court No. FM06819**

## ABATEMENT ORDER

We are now at the point in this appeal for briefing on the merits. It has been a challenge to bring it this far when appellant is in prison and does not have an attorney. The challenge began with misinterpreting appellant's attempt to appeal a custody order for a rehearing in a prior mandamus proceeding by appellant. It moved into difficulties securing a "reporter's record" because the trial court recorded the proceeding electronically rather than using a court reporter to stenographically record the proceeding. Once we obtained this record in a manner which complied with the Rules of Appellate procedure, we ordered appellant to request a copy of the appellate record if he needed it and a briefing schedule would be set. We noted that if appellant did not request the record, the brief was due in 30 days. Approximately two weeks after this

order was issued, appellant notified the Court that his prison address had changed and, because he had been in a transient state for two and a half months, requested that we send him any legal documents this Court had sent him in the last three months. This was the second time appellant had been moved within the prison system within the last three months.

Early in the process of shepherding this case to the point of briefing on the merits, appellant requested that we appoint counsel for him. We declined his request because appellate courts have no jurisdiction to appoint counsel. However, we noted that once we obtained the appellate record, we might "sua sponte, or on appellant's motion, abate the appeal for the trial court to consider whether appointment of counsel is appropriate." Recognizing this Court's difficulty in communicating with appellant and to keep this appeal proceeding forward, we have reviewed the record, and we believe it is time to implement the abatement procedure we previously contemplated.

The legislature has authorized courts to "…appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." TEX. GOV'T CODE § 24.016. And specifically, in family law cases, the legislature has given courts discretion to appoint counsel for indigent parents in private termination or custody suits. TEX. FAM. CODE § 107.021.

Accordingly, given the unique difficulties in this particular case, we ABATE this appeal to the trial court to determine whether to appoint counsel to represent appellant in this appeal. So that the trial court will have sufficient time to bench warrant the appellant to the proceeding, if the trial court determines that is necessary, this proceeding

is abated for 28 days. If additional time is needed to consider the motion for the appointment of counsel previously filed as well as supplemental information filed related to the motion, if any, the trial court should notify this Court and the abatement period will be extended.

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Order issued and filed December 1, 2021
[RWR]

